## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

PAUL JOSEPH PAVALONE,

                Plaintiff,

      v.

THE COUNTY OF LACKAWANNA
PENNSYLVANIA-LACKAWANNA
COUNTY DOMESTIC RELATIONS
SECTION,

                Defendant

CIVIL ACTION NO. 3:13-CV-02252

(CAPUTO, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

Plaintiff Paul Joseph Pavalone, proceeding *pro se*, brought this civil rights action in federal court seeking punitive damages, injunctive relief, and a trial before a jury. Plaintiff asserts federal civil rights claims against Defendant, the County of Lackawanna Pennsylvania – The Lackawanna County Domestic Relations Section.[1]

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that Defendant engaged in gross abuses of power. First, Plaintiff asserts that Defendant filed indirect criminal contempt charges against him for falling behind on his child support obligations. (Doc. 1, p. 2). Plaintiff states that he was subjected to a court hearing

---

[1] Although the Court docket and Defendant's motion to dismiss reflect "The County of Lackawanna Pennsylvania" and "Lackawanna County Domestic Relations Section" as two distinct defendants, Plaintiff names only a single defendant in his complaint, namely, "The County of Lackawanna Pennsylvania – The Lackawanna County Domestic Relations Section." The Court construes the complaint as naming only the Lackawanna County Domestic Relations Section as a defendant.

for criminal contempt and denied his constitutional rights because he was not provided counsel or a jury trial, he had no right to bail, and he was found guilty even though the elements of a criminal contempt charge were not satisfied. (Doc. 1, p. 2).

Second, Plaintiff avers that his requests to contest paternity of the child whom he is obligated to pay child support for have been repeatedly denied, as well as two separate petitions to modify the child support order. Plaintiff avers he has filed petitions for a modification of his child support obligation two times within the last sixteen and a half years. (Doc. 1, p. 3). The first modification hearing was in March 2013. (Doc. 1, p. 3). Plaintiff requested that the support order be modified based on his income. Plaintiff was informed that support orders could not be modified or suspended based on income; rather, a modification is only granted if the Plaintiff is disabled. The petition was dismissed. On August 23, 2013, Plaintiff had a hearing on his second petition for modification of the child support order due to a "significant change of circumstances" based on a disability and loss of employment. (Doc. 1, p. 3). Plaintiff presented evidence that he was permanently disabled and unable to work full time. According to the complaint, the petition was denied that same day. (Doc. 1, p. 3).

On August 28, 2013, Plaintiff filed the instant action with this Court. (Doc. 1). Plaintiff concurrently filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which was granted by this Court. (Doc. 5). On September 30, 2013, Defendant filed a motion to dismiss (Doc. 4) and on October 10, 2013, Defendant filed a brief in support. (Doc. 6). On November 13, 2013, Defendant filed a brief in opposition. (Doc. 9). This motion is ripe for disposition. For the reasons that follow, it is recommended that Defendant's Motion to Dismiss be **GRANTED** with prejudice.

II.   **DISCUSSION**

    A. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. *Gould Electronics Inc.*, 220 F.3d at 178. This 12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). "When a motion under Rule 12 is based on more than one ground, the court should consider a 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In re Corestates Trust Fee Litig.*, 837 F.Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994).

    B. THE ROOKER-FELDMAN DOCTRINE

The *Rooker-Feldman* doctrine originated from two Supreme Court opinions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Per the *Rooker-Feldman* doctrine, a United States District Court has no subject matter jurisdiction to review final judgments of a state court; only the Supreme Court has jurisdiction to review state judgments under 28 U.S.C. § 1257. *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416. *Accord Parkview Assoc. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000) ("The *Rooker-Feldman* doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the

well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision."). The *Rooker-Feldman* doctrine precludes a federal action if the relief requested in the federal action effectively would reverse the state decision or void its ruling. *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the *Rooker-Feldman* doctrine applies to the decisions of lower state courts. *In re General Motors Corp. Pick Up Truck Fuel Tank Prod's Liability Litigation,* 134 F.3d 133, 143 (3d Cir. 1998).

A federal district court has no authority to review the propriety of judgments of a state court where the losing state court party complains of injuries from the state court ruling. *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008). Jurisdiction to review a state court's decision rests in the Pennsylvania appellate courts, and federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment. *Marran v. Marran,* 376 F.3d 143, 149 (3d Cir. 2004). The doctrine is implicated when, "in order to grant the federal plaintiff relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (citing *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir. 1996)). This includes claims alleging the unconstitutionality of state court actions. *See Goodson v. Maggi,* 797 F.Supp.2d 624, 632 (W.D. Pa. 2011). Moreover, a litigant cannot circumvent *Rooker–Feldman* by styling his or her complaint as a civil rights action. *Dreibelbis v. Young*, 2007 WL 4344120, at *7 (M.D. Pa. Dec. 10, 2007), *aff'd*, 351 Fed. Appx. 711 (3d Cir. 2009).

In the present case, Plaintiff's injury relates to a child support order rendered in Lackawanna County, several indirect criminal contempt judgments entered as a result of

Plaintiff's failure to comply with the child support order, and the denial of two petitions to modify the child support order. With respect to the criminal contempt charges, Plaintiff does not specify in the complaint which judgments he wishes this Court to consider. A review of the electronic docket in the Court of Common Pleas of Lackawanna County indicates that Plaintiff has had three separate indirect criminal contempt judgments entered against him: in Case No. CP-35-MD-0001765-1997, the Court of Common Pleas of Lackawanna County issued a guilty judgment against Plaintiff on September 10, 1997; in Case No. CP-35-MD-0002143-1997, the state court found Plaintiff guilty on November 5, 1997; and in Case No. CP-35-MD-0001103-1998, Plaintiff pled guilty in state court on July 8, 1998.[2] Plaintiff further alleges he filed two separate petitions to modify the child support order, both of which were denied. The first hearing and denial of the first petition occurred in March 2013, and the second hearing and subsequent denial of the second petition occurred on August 23, 2013.[3] This instant action was commenced on August 28, 2013. All state court decisions regarding the child support order, including denials of the petitions to modify the child support order and criminal contempt charges and judgments entered as a result of failing to comply with the child support order, were rendered before the filing of the current action.

---------------------

[2] *See* http://ujsportal.pacourts.us.

[3] The record does not indicate when the original child support order was entered. In his complaint, Plaintiff states that he has been "dealing with" the Lackawanna County Court System and the Lackawanna County Domestic Relations Section for "16 ½ years." (Doc. 1). Regardless of the exact date, the Court conclusively finds that the child support order was entered in advance of the instant federal action.

The United States Court of Appeals for the Third Circuit has set forth a four-part test to determine whether an action lies within the exclusionary realm of the *Rooker-Feldman* doctrine. *Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Under this test, a federal district court lacks subject matter jurisdiction to hear a plaintiff's claims if: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments. *Great Western Mining & Mineral Co.,* 615 F.3d at 166.

In this case, the first and third prongs are satisfied. Plaintiff lost in state court and filed this federal action after the state court judgments were entered. To satisfy the first and third prongs, there must have been a judgment entered in state court before plaintiff filed in federal court. This includes a decision rendered in a lower state court. *See Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York & New Jersey Police Dept.*, 973 F.2d 169, 178 (3d Cir. 1992) ("the *Rooker–Feldman* doctrine precludes federal review of lower state court decisions, just as it precludes review of the decisions of a state's highest court").

The second prong, whether the plaintiff complains of injuries caused by state court judgments, concerns the source of plaintiff's injury. *Tilli v. Ford,* No. 13-4435, 2013 WL 5567701, at *3 (E.D. Pa. Oct. 9, 2013). The critical task is to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Great Western Mining & Mineral Co*, 615 F.3d at 167 (internal citations omitted). Here, the sources of Plaintiff's injury are the decisions of the state court, namely, the child support order, the state court's failure to grant Plaintiff's petitions to modify the child support order, and three

judgments for indirect criminal contempt entered against Plaintiff for failing to comply with the child support order. Granting the injunctive relief sought by Plaintiff would require this Court to determine that the decisions of the state court were incorrect, effectively negating the state court judgments. This is the type of relief barred by the *Rooker-Feldman* doctrine. *See In re Madera*, 586 F.3d at 232. Thus, the Court finds that the second prong is satisfied.

The fourth prong, whether the plaintiff is inviting the district court to review and reject the state court judgment, insures that a district court does not overstep its boundaries by reviewing the decision of a state court. *Tilli v. Ford*, 2013 WL 5567701, at *4 (citing *Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 169 (3d Cir. 2010)). This prong is not automatically satisfied when a plaintiff raises a claim for damages that "may require review of state court judgments and even a conclusion that they were erroneous." *Great Western,* 615 F.3d at 173. Rather, *Rooker-Feldman* is invoked to bar a claim where its adjudication would mean that: "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment. *Easley v. New Century Mortgage Corp.,* 394 Fed. Appx. 946, 948 (3d Cir. 2010) (quoting *In re Knapper,* 407 F.3d 573, 581 (3d Cir. 2005)).

In this case, Plaintiff is essentially asking this Court to conduct a *de novo* review of the state court proceedings related to the child support order and the indirect criminal contempt judgments. Plaintiff asserts that, contrary to the state court's determination, the elements of indirect criminal contempt were not satisfied, and the child support order is inconsistent with Plaintiff's income and the Pennsylvania child support guidelines. (Doc. 1, pp. 2, 5). In order to

grant the relief Plaintiff seeks, this Court would be required to find that the state court judgments were invalid and entered in violation of the law.

Because such a ruling would render the state court judgments ineffectual, this Court does not have subject matter jurisdiction over Plaintiff's claims which seek to invalidate the judgments entered against him in state court. *See Burgos v. McEwan*, 413 Fed. Appx. 469 (3d Cir. 2011). As such, it is recommended that Defendant's motion to dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) as this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine.[4]

C.  OTHER RELIEF SOUGHT

In his complaint, Plaintiff also requests a criminal investigation into the Lackawanna County Family Court System and the Lackawanna County Domestic Relations Section; a criminal investigation and administrative review of Ms. McAndrew, who participated in the child support modification hearings; the initiation of an alternative vocational program for those incarcerated in the Lackawanna County Court System; an investigation into the Lackawanna County Recycling Program's organized crime ties as well as an injunction terminating the program; and an injunction preventing the Lackawanna County Domestic Relations Section from retaliating against Plaintiff for filing this instant action.

---

[4] Defendant also moves to dismiss on *Younger* abstention grounds. *Younger v. Harris*, 401 U.S. 37 (1971). Because there is no evidence of an "ongoing state proceeding" in the record, the Court will not consider this argument. *See Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008) (*Younger* abstention is appropriate only if there are ongoing state proceedings that are judicial in nature).

**1. Plaintiff's Request for a Criminal Investigation into Lackawanna County**

Plaintiff asserts that as a result of the indirect criminal contempt convictions, he was required to either pay a fee or serve six months in the Lackawanna County Prison. Plaintiff claims that the conditions at the Lackawanna County Recycling Center, where the inmates perform community service work, are "deplorable and inhumane," causing the inmates to be susceptible to contracting biological and airborne diseases. He presumes the Lackawanna County Recycling Center is not compliant with the Occupational Safety and Health Administration regulations, and is thus unable to hire civilian employees. Plaintiff also asserts the $5 a day wages received by the inmates for their community service are "illegal and appalling." In addition to his claims regarding the conditions of the inmates' work environment, Plaintiff alleges the Lackawanna County Recycling Center has "direct ties to an Organized Crime figure." He also asserts the Lackawanna Work-Release Program is "unjust" and violates constitutional, civil and human rights "for governmental profit."

To the extent Plaintiff asks this Court to conduct a criminal investigation into the conditions of the Lackawanna County Prison, the court system and any agencies of the county, including the Domestic Relations Section and its employees, and force Lackawanna County to initiate a vocational program as an alternative to incarceration, such claims are not cognizable in a federal civil rights action:

> A private person may not prosecute a federal criminal complaint. Prosecution of a federal crime is the prerogative of the United States through the attorney general and his delegates, the United States attorneys. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."); *The Confiscation Cases,* 74 U.S. 454, 457 (1868) ("Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney, and even

after they are entered in court, they are so far under his control that he may enter a *nolle prosequi* at any time before the jury is empaneled for the trial of the case, except in cases where it is otherwise provided in some act of Congress.").

*Peters v. Beard*, No. 06-0935, 2006 WL 2174707, at *2 (M.D. Pa. June 13, 2006) *report and recommendation adopted*, No. 06-0935, 2006 WL 2175173 (M.D. Pa. Aug. 1, 2006).

In this case, Plaintiff may not bring a criminal complaint because he is a private person. *Peters v. Beard*, 2006 WL 2174707, at *3. To the extent Plaintiff seeks this Court to refer the complaint to the United Sates Attorney for further investigation, the Court finds that the allegations are insufficient to establish probable cause to believe that a federal criminal statute has been violated. *See Jackson v. Bassano*, No. 12-7890 NLH, 2013 WL 1339104, at *8 (D.N.J. Mar. 28, 2013) ("Plaintiff's allegations are not sufficient to establish probable cause to believe that any of the defendants violated any federal criminal statute."). As such, the Court perceives no reason, on the basis of the facts before it, to refer this matter to the United States Attorney.

### 2.   Plaintiff's Request for an Injunction to Prevent Retaliation

Plaintiff requests an injunction preventing the Lackawanna County Domestic Relations Section from retaliating against Plaintiff for filing this instant action. Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). It is the moving party

10

who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat ....'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted).

In this case, the Court finds that Plaintiff's claim for injunctive relief is speculative, unfounded, and unpersuasive. Plaintiff offers nothing other than his own speculation to suggest that he may potentially face future adverse retaliation. Plaintiff has not offered any credible basis for the Court to conclude that the issuance of extraordinary preliminary injunctive relief is necessary to prevent immediate and irreparable injury. *See Spotts v. United States*, No. 12-0583, 2013 WL 753520, at *4 (M.D. Pa. Jan. 10, 2013) *report and recommendation adopted*, No.12-583, 2013 WL 753799 (M.D. Pa. Feb. 27, 2013). A preliminary injunction may not be issued on the mere speculation of irreparable harm. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) ("[T]he risk of irreparable harm must not be speculative."). As such, it is recommended that any request for a preliminary injunction based on speculative retaliation be denied.

III.   **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. The Court **GRANT** Defendant's motion to dismiss (Doc. 4) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) as this Court lacks subject matter jurisdiction to assess Plaintiff's claims under the *Rooker-Feldman* doctrine.

2. Plaintiff's requests for criminal investigations into the Lackawanna County recycling program, court system, Domestic Relations section, or Ms. McAnrew, be denied.

3. Plaintiff's request for a preliminary injunction preventing the Lackawanna County Domestic Relations Section from retaliating against Plaintiff be denied.

Dated: July 15, 2014                                  *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL JOSEPH PAVALONE, | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-02252 |
| v. | (CAPUTO, J.)<br>(MEHALCHICK, M.J.) |
| THE COUNTY OF LACKAWANNA PENNSYLVANIA-LACKAWANNA COUNTY DOMESTIC RELATIONS SECTION, | |
| Defendant | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 15, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 15, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**